## Case No. 1,651.

### BOOTHE v. GEORGETOWN.

[2 Cranch, C. C. 356.] [1]

Circuit Court, District of Columbia. . Oct. Term, 1822.

MUNICIPAL CORPORATIONS — ENFORCEMENT OF BY-LAWS — APPEAL.

1. A warrant for the violation of a by-law should specify the by-law and the manner of violating it. So should the judgment.
[Cited in Delany v. Washington, Case No. 3,-755.]

2. No appeal lies to this court from the judgment of a justice of the peace for the penalty for violating a by-law of Georgetown.

This was an appeal from the judgment of the mayor of Georgetown, who has, by charter, the powers of a justice of the peace, upon four warrants for the violation of an ordinance or by-law of the corporation of Georgetown respecting taverns. Neither the warrant nor the judgment specified the by-law, nor the nature of the violation of it by the defendant. The judgment was simply for ten dollars upon each warrant. [Appeal dismissed.]

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion, that the warrants were too vague, and were not aided by the judgment.

But Mr. Dunlop, for the appellee, contended that this court has no appellate jurisdiction in cases of violation of the by-laws of Georgetown. This court has no appellate jurisdiction of a judgment of a justice of the peace, except by analogy to the appellate jurisdiction given to the county courts in Maryland by the act of 1791, c. 68, which is only in cases of contract. The act of congress of the 27th of February, 1801 (2 Stat. 103), "concerning the District of Columbia," declares that the laws of Maryland as they then existed should continue in force in this part of the district; and that the justices of the peace here should have all the powers vested in justices of the peace, as individual magistrates, by the laws of Maryland, and should have cognizance in personal demands to the value of $20. If the act of Maryland of 1791, c. 68, for the recovery of small debts, gives to

[1] [Reported by Hon. William Cranch, Chief Judge.]

the justice of the peace, in Maryland, a jurisdiction subject to appeal and revision in a higher court, and if there should be no appeal here from the judgment of the justice, the law of Maryland upon that subject would not be continued here. It would be a different law. It would give a justice of the peace here an absolute and conclusive jurisdiction; when in Maryland he had a jurisdiction subject to revision. His judgment would be conclusive here, but in Maryland it would be only nisi; that is, unless reversed upon appeal.

It was upon that ground that this court first entertained an appellate jurisdiction over the judgments of the justices of the peace as individual magistrates in civil causes; and it is apparent that its appellate jurisdiction could not extend beyond the original jurisdiction there given to the justices of the peace in Maryland by the act of 1791, c. 68, which, by the 10th section, is expressly confined to cases of contract. If a new jurisdiction is given to a justice of the peace, of cases not within the Maryland statute, this court has no appellate jurisdiction in those cases, unless it be expressly given by some statute. In Georgetown, the justice of the peace takes cognizance of violation of the by-laws, under the by-laws themselves, and not under the law of Maryland or any act of congress. In the charter of Washington of 1802, § 7 (2 Stat. 197), it was expressly provided, that "all the fines, penalties, and forfeitures imposed by the corporation of the city of Washington, if not exceeding $20, shall be recovered before a single magistrate, as small debts are by law recoverable." The 7th section of the amended charter of the 4th of May, 1812 (2 Stat. 726), recognizes the jurisdiction of the justices of the peace for the recovery of fines and penalties incurred by breach of the by-laws of the corporation; and by the 9th section of the new Washington charter of 1820 (3 Stat. 588), it is provided that "in all cases where suit shall be brought, before a justice of the peace, for the recovery of any fine or penalty arising or incurred for a breach of any law or ordinance of the corporation, execution shall and may be issued, as in other cases of small debts." Fines and penalties under the by-laws of the corporation of Washington, being thus put upon the same ground as small debts, which by the law of Maryland were to be recovered before a justice of the peace, it was right in this court to entertain appellate jurisdiction equally in both classes of cases. But there are no such provisions in the charter of Georgetown, in regard to the by-laws or ordinances of that corporation, nor in any act of congress respecting the same, which can give this court any such appellate jurisdiction in cases of violation of those by-laws or ordinances.

Mr. Taney, contra. The fines and penalties under these by-laws are debts; and if

under $20, are small debts. Every corporator binds himself to obey the by-laws; and if he violates them, he violates his contract. If a by-law can give jurisdiction to a justice of the peace, he may decide causes to an unlimited amount. The right of appeal is co-extensive with the jurisdiction of the justice. The act of congress of the 27th February, 1801, § 11 (2 Stat. 103), only authorizes the justices of the peace to exercise the same jurisdiction which they exercised in Maryland. The corporation of Georgetown could not extend that jurisdiction; nor could they erect a judicial tribunal to take cognizance of their by-laws.

THE COURT (upon consideration) ordered the appeal to be dismissed.